UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALCOM XAVIER JEFFRIES,

    Petitioner,

v.

S. L. BURT,

    Respondent.

_____/

Case No. 1:20-cv-240

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition (ECF No. 41).  The matter is presently before the Court on Petitioner's thirteen objections to the R & R (ECF No. 42).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.  The Court will also issue a Judgment in this § 2254 proceeding.  *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

*Objection One*:  Petitioner objects to "everything as found on pages 1-33" of the thirty-three-page R & R (*id*. at PageID.2570).  He focuses this broad objection on the argument that the Magistrate Judge erred in presuming the state of Michigan's factual and legal conclusions were correct when providing a summary of the case (*id*.).  First, Petitioner's objection is not a substantive objection to the analysis or conclusion in the R & R and therefore does not require this

Court's discussion. "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).  Second, Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."  Further, it is Petitioner's burden to rebut this presumption by "clear and convincing evidence," which he has failed to do.  Thus, his first objection is denied.

*Objection Two*:  Petitioner argues that the Magistrate Judge "abused his discretion and erred" by relying on the transcripts of the October 22, 2014 investigative subpoena interview (ECF No. 42 at PageID.2571).  He contends that the state court relied on video of the interview; however, the Magistrate Judge relied on a transcript of the interview and thus "expanded the habeas record" (*id*. at PageID.2571).  Petitioner's argument raises a distinction without a difference.  The Magistrate Judge's analysis did not expand the record, thus Petitioner's objection fails.

*Objection Three*:  Petitioner next objects to the Magistrate Judge's observation that his "claims evolved as they progressed on appeal" (*id*.).  He attempts to focus this argument on the video of his October 22, 2014 interview, arguing his claim that the video was "falsified" has not evolved throughout his appellate and habeas proceedings (*id*. at PageID.2572).  Petitioner's assertion that his claims have not evolved conflicts with the record.  More importantly, this objection does not raise a factual or legal error in the Magistrate Judge's analysis or conclusion, and therefore is denied.

*Objection Four*:  Petitioner objects to the Magistrate Judge's "conclusion. . . that [his] substitution of counsel claim should be denied" (*id*. at PageID.2572).  The Court discerns no error in the Magistrate Judge's analysis.  The Magistrate Judge correctly determined that the Michigan

Court of Appeals applied the correct legal standard and "set forth a detailed discussion of the factors related to [Petitioner's] conflicts with his appointed counsel and the trial court's resolution of those conflicts" (ECF No. 14 at PageID.2555).  Petitioner fails to show any factual or legal error in the Magistrate Judge's analysis or conclusion, and instead rehashes complaints and conspiracies about his prior counsel.  Thus, his fourth objection is denied.

*Objection Five*:  Petitioner objects "to the logic" of the R & R, specifically the portion which highlighted that Petitioner had no evidence to support his video falsification claim (ECF No. 42 at PageID.2575).  He again rehashes his baseless argument that the Magistrate Judge "expanded the record" by referencing the transcript of his interview (*id*.).  The Magistrate Judge, however, correctly determined that "[t]here was no basis for counsel to raise [Petitioner's] evolving claim that the government, including courtroom staff, went through extensive efforts falsify the video to cover up the fact that he was not served with a subpoena" (ECF No. 41 at PageID.2566).  The Court rejects this objection because it repeats his previously denied arguments and fails to assert any factual or legal error in the R & R.

*Objection Six*:  Petitioner claims that the Magistrate Judge "ignored, mis-characterized, and failed to address" his arguments about Acey Marshall's testimony (ECF No. 42 at PageID.2576).  Petitioner's argument is difficult to comprehend.  It appears that Petitioner's qualms are with the scope of Acey Marshall's testimony.  He also claims that Acey Marshall committed perjury when he testified that Petitioner was present and helped beat the victim to death.  The Magistrate Judge, however, correctly determined that "there is no factual or legal basis for [Petioner's] claim that the prosecutor violated his constitutional rights by knowingly presenting the perjured testimony of Acey Marshall" (ECF No. 41 at PageID.2561).  Petitioner fails to show any legal or factual error in the Magistrate Judge's analysis or conclusion.  Accordingly, this objection is rejected.

*Objection Seven*:  Petitioner objects to the Magistrate Judge's analysis and conclusion of his *Brady* claim (ECF No. 42 at PageID.2577).  *Brady v. Maryland*, 373 U.S. 83 (1963).  Petitioner's objection to the Magistrate Judge's analysis misconstrues the rule set forth in *Brady*. "[E]vidence is 'material' within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Smith v. Cain*, 565 U.S. 73, 75 (2012) (internal quotation marks omitted).  The Magistrate Judge correctly analyzed the evidence and determined that Petitioner "has not demonstrated that he was prejudiced" because "[w]hether the victim died from a beating or a skull fracture on the back of his head by a baseball bat was not material to the government's perjury case against [Petitioner]" ECF No. 41 at PageID.2563).  The Court finds no error in the R & R's treatment of Petitioner's *Brady* claim, therefore this objection is denied.

*Objections Eight, Nine, Ten, Eleven and Twelve*:  Petitioner's eighth, ninth, tenth, eleventh, and twelfth objections (ECF No. 42 at PageID.2578-2580) do not raise any new factual or legal arguments.  Objections are not the place to relitigate issues already raised and addressed.  *See Frans v. Comm'r of Soc. Sec.*, No. 2:18-CV-4, 2019 WL 3205838, at *1 (W.D. Mich. July 16, 2019); *see also Thrower v. Montgomery*, 50 F. App'x 262, 264 (6th Cir. 2002) ("no new arguments beyond those already addressed by the magistrate judge were presented and this general objection is wholly insufficient to preserve the right to appeal").  Accordingly, these five objections are denied.

*Objection Thirteen*:  The final objection raised by Petitioner is merely that he disagrees with the Magistrate Judge's conclusion about whether he received the autopsy photograph (*id*. at PageID.2580).  He contends that he was shown a copy of the autopsy report but was never given

4

a copy. Because Petitioner has not shown any legal or factual error in the analysis or conclusion, this objection is denied.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 42) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 41) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C.

§ 2253(c) is DENIED as to each issue asserted.

Dated:  March 20, 2023                                       /s/ Janet T. Neff
                                                                                                            JANET T. NEFF
                                                                                                             United States District Judge